PIERRE L. WILLIS, Respondent, *v.* S. M. H. CORPORATION, Appellant.

(Argued March 23, 1932; decided April 26, 1932.)

*Mark W. Norman* and *Wesley M. Messersmith* for appellant. The evidence was insufficient as a matter of law and did not raise an issue of fact as to the dissatisfaction of the defendant assigned by it as the reason for the discharge of the plaintiff. (*Victory* v. *Andrea,* 253 N. Y. 444; *Pollack* v. *Pollack,* 71 N. Y. 137; *Fleischer* v. *MacFadden,* 248 N. Y. 613; *Neuburger* v. *American Surety Co.,* 242 N. Y. 134; *Jerome* v. *Queens City,* 163 N. Y. 351; *Pew* v. *International News Co.,* 244 N. Y. 510; *Crawford* v. *Mail & Express Publishing Co.,* 163 N. Y. 404.) The rule of damage adopted by the trial court was erroneous. (*Matter of English & Scottish Co.,* L. R. 5 Ch. App. 737; *Pellet* v. *Manufacturing Co.,* 104 Fed. Rep. 502; *Cammack* v. *Slattery,* 241 N. Y. 49; *Van Reitzenstein* v. *Tomlinson,* 249 N. Y. 60; *Witherbee* v. *Meyer,* 155 N. Y. 446; *Wakeman* v. *Wheeler & Wilson,* 101 N. Y. 205; *Brightson* v. *Claflin,* 180 N. Y. 76; *Schlossberg* v. *Brody,* 216 N. Y. 579; *Colletti* v. *Knox Hat Co.,* 252 N. Y. 468.)

*Humphrey J. Lynch* and *Monroe J. Cahn* for respondent. The evidence supporting the claim that defendant's dissatisfaction was feigned was more than ample to

sustain the verdict. (*Barile* v. *Wright*, 256 N. Y. 1; *Van Iderstine* v. *Barnet Leather Co.*, 242 N. Y. 425; *Gilman* v. *Lamson Co.*, 234 Fed. Rep. 507; *American Music Stores* v. *Kussel*, 232 Fed. Rep. 306; *Delano* v. *Columbia Machine Works Co.*, 179 App. Div. 153; 226 N. Y. 660; *Beck* v. *Only Skirt Co.*, 176 App. Div. 867; *Summers* v. *Colver*, 38 App. Div. 553; *Ginsberg* v. *Friedman*, 146 App. Div. 779; *Studner* v. *H. & N. Carburetor Co.*, 185 App. Div. 131; 230 N. Y. 534; *Diamond* v. *Mendelsohn*, 156 App. Div. 636; *Rafter* v. *Fox Publishing Co.*, 206 App. Div. 389; 238 N. Y. 556; *Hawkins* v. *Mapes-Reeve Con. Co.*, 178 N. Y. 236; *Metzroth* v. *City of New York*, 241 N. Y. 470; *Frank* v. *Von Bayer*, 236 N. Y. 473.) The court correctly charged the jury with respect to the measure of damages. (*Patterson* v. *Meyerhofer*, 204 N. Y. 96; *Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60; *Carns* v. *Bassick*, 187 App. Div. 280; *Bintz* v. *Mid-City Park Corp.*, 223 App. Div. 533; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Drucker* v. *Manhattan Ry. Co.*, 106 N. Y. 158; *Dart* v. *Laimbeer*, 107 N. Y. 664; *United States Trust Co.* v. *O'Brien*, 143 N. Y. 284; *Bagley* v. *Smith*, 10 N. Y. 489; *Dickinson* v. *Hart*, 142 N. Y. 183; *Mortimer* v. *Bristol*, 190 App. Div. 452.)

*Per Curiam.* The plaintiff was employed on May 14, 1928, as managing director " for the purposes of promoting the Club, acquiring members therefor, and developing and managing the Club, or for *any one or more of said purposes* in the discretion of the Owner from and after May 14th, 1928, so long as the Managing Director shall fulfill the terms of his employment *to the satisfaction of the Owner* but no longer than August 1st, 1930." The employment was terminated on August 14, 1929, by notice from the defendant. The defendant claims it had the right to serve the notice because it became dissatisfied with plaintiff's services. The evidence is sufficient to sustain the finding of the jury that the defendant's alleged dissatisfaction was feigned and that the defendant

breached its contract with the plaintiff. (*Delano* v. *Columbia Machine Works*, 226 N. Y. 660.)

The question of plaintiff's damage remains. *Prima facie* his damages are the amount he would have earned if he had been retained in defendant's employ till August 1, 1930. His compensation was fixed in the contract at " an amount equal to 10% of the principal of all payments received from Club members * * * for initiation fees or from the sale of such stock as may be acquired by members to qualify them for Club membership." Before plaintiff's discharge eighty-three members had paid $203,000 for preferred stock to qualify them for membership. That compensation was payable only at the termination of the contract. In the meanwhile, the plaintiff was entitled only to a salary of $150 per week, to be deducted from the total compensation which would be earned and payable only after the plaintiff had performed all the services he agreed to perform during the life of the contract. His discharge precluded him from rendering further services and fully earning his compensation. His damages were at least ten per cent on the amounts paid by members who had joined the club before his discharge. He was allowed in addition an amount equal to ten per cent on the sum of about $520,000, which, in accordance with the charge of the trial judge, the jury fixed as the amount he would have earned if he had not been discharged.

Those damages are purely conjectural. The number of members obtained by the plaintiff before his discharge forms no basis for an inference that thereafter he would have obtained other members who would pay a substantial amount. Under the terms of the contract the defendant might even have retained him in its service yet excluded solicitation of new members from his duties. Even if the plaintiff's duties had remained the same, it is impossible to estimate the influence of an intervening

economic depression as an obstacle to the solicitation of new members or the progressive diminution of the influence of those financially interested in the defendant or in the club, in obtaining new members as time went on after the opening of the club; particularly since groups of new members would be required to pay progressively larger sums to qualify them for membership. In truth, the situation after the discharge was so different that neither success nor failure in obtaining members before that time can furnish any basis for estimating probable success thereafter. Of course, the compensation to which the plaintiff was entitled included a percentage of payments made by members who did actually join the club thereafter, but the evidence does not show how many new members were obtained.

The judgment of the Special Term and the Appellate Division should be reversed and a new trial ordered, unless the plaintiff stipulates that the damages awarded shall include only the stipulated percentage of payments actually made by members who joined prior to the date set for the termination of the employment, such damages to be fixed by agreement, or in case of disagreement, by the court or a referee appointed by the court, and in that event the judgment should be modified accordingly and affirmed as modified. (See 259 N. Y. 629.)

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; O'BRIEN, J., dissents on the ground that there is no evidence to indicate that the assigned reason for the discharge was not the true reason; KELLOGG, J., not sitting.

Judgment accordingly.