## ELECTRICAL RESEARCH PRODUCTS, Inc., v. GROSS.

### No. 9613.

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1942.

GARRECHT, Circuit Judge, dissenting.

For former opinion, see 120 F.2d 301.

H. H. Breland and T. Brooke Price, both of New York City, and R. E. Robertson, of Juneau, Alaska, for appellant.

J. A. Hellenthal and Frank H. Foster, both of Juneau, Alaska, for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

We granted a rehearing in this case on the petitions of both parties. So far as concerns the contention of appellee we are satisfied that the holding must stand, but upon consideration of appellant's contention on the rehearing we are constrained to hold that the evidence bearing on the issue of lost profits was insufficient to go to the jury.

Questions concerning the sufficiency of the evidence bearing on this issue were inadequately treated in the original brief and argument of appellant. The evidence now specifically called to our attention shows that appellee's loss of business was at least in part attributable to the advent of competing theatres and to the prevalence of the depression. We think there was no rational basis upon which the jury might approximate the amount of the loss caused by appellant's wrongful act, as distinguished from the loss due to other factors.

According to one of his managers appellee commenced to reduce prices after competing theatres were opened in Juneau and Ketchikan. This witness testified that from May, 1929 to May, 1933 the Juneau prices dropped from $1 to 40 cents, and possibly as low as 25 cents, and that the Ketchikan prices fluctuated from $1 to 50 cents. "As a general proposition," said this witness, "we never got our prices back to $1 per seat, but might occasionally, only occasionally, during a term of years charge $1 for loges." Another witness testified that up to January 1, 1931 appellee was charging 75 cents in Juneau but dropped his prices on that date. And there was further testimony that the price charged by appellee in both Juneau and Ketchikan was lowered to 40 cents shortly after June 21, 1932.

In the light of this evidence, coupled with the evidence concerning the depression which began and deepened during the period, it was not humanly possible for the jury to arrive at an approximation of lost profits attributable to appellant's wrongful removal of its equipment. The proof did not measure up to the requirement of the rule of damages announced in our opinion. Cf. Montgomery v. Chicago, B. & Q. R. Co., 8 Cir., 228 F. 616, 620, 621; Willis v. S. M. H. Corp., 259 N.Y. 144, 181 N.E. 79, 80; Broadway Photoplay Co. v. World Film Corp., 225 N.Y. 104, 121 N.E. 756.

We conclude that the trial court erred in submitting the issue of lost profits to the jury. For this reason, as well as because of the error discussed in the previous opinion, the case must be reversed and remanded for a new trial.

HANEY, Circuit Judge.

I concur in the holding of the majority on the second appeal, and on rehearing except with respect to the right of recovery of lost profits.

On the first appeal three judges of this court held that lost profits could not be recovered in the cause. 86 F.2d 925, 930. On the second appeal, two judges of this court (neither of whom participated in the first appeal) and a district judge held that the decision of the three judges of this court first mentioned was a dictum, but if not "it was ill-advised and should not be followed". 120 F.2d 308. I am not in accord with these latter statements.

I think it is apparent that the decision on the first appeal was not a dictum but an alternative ground of the decision and was therefore of equal validity with the other ground given. United States v. Title Insurance Co., 265 U.S. 472, 486, 44 S.Ct. 621, 68 L.Ed. 1110. The question as to whether lost profits may be recovered was not open for decision on the second appeal, and I believe the decision thereof was erroneous. People of State of Illinois v. Illinois Central R. Co., 184 U.S. 77, 91, 22 S.Ct. 300, 46 L.Ed. 440. The point is akin to the principle of res judicata. Res judicata is applicable whether the first decision was "rightly decided or not". Chicago, R. I. & P. Ry. v. Schendel, 270 U.S. 611, 617, 46 S.Ct. 420, 422, 70 L.Ed. 757, 53 A.L.R. 1265. There is no less reason for regarding the first appeal as conclusive on the point. If the practice indulged in on the second appeal is approved, then the extent of the finality of many decisions will depend on the facility of a party to seek review on appeal, and the particular complement of the court which hears the appeal.

GARRECHT, Circuit Judge.

I dissent.

For reasons stated in my former opinion in this case (120 F.2d 301, 308) appellee should prevail.