FRED A. ELDER v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

June 19, 1925.

No. 24,469.

**Verdict sustained that plaintiff was employed in interstate commerce.**

1. The evidence sustains a finding of the jury that the plaintiff was employed in interstate commerce at the time of his injury.

**Cause of action not barred by compensation proceeding in Iowa.**

2. The plaintiff's cause of action was not barred by an award in compensation proceeding instituted by the defendant in the state where the accident occurred.

**Damages not excessive.**

3. The verdict is not excessive.

1. See Master and Servant, 26 Cyc. p. 1462 (Anno).

[1]Reported in 204 N. W. 557.

2. See Workmen's Compensation Acts, C. J. p. 117, § 115 (Anno).
3. See Damages, 17 C. J. p. 1350, § 235.

3. See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638, 5 R. C. L. Supp. 480.

Action in the district court for Steele county. The case was tried before Senn, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed. Affirmed.

*O'Brien, Horn & Stringer*, for appellant.

*Tom Davis, Ernest A. Michel* and *Leach & Leach*, for respondent.

DIBELL, J.

Action under the Federal Employers Liability Act to recover for personal injuries. There was a verdict for the plaintiff. The defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. Judgment was entered on the verdict. The defendant appeals from the judgment.

1. The plaintiff was injured in the accident considered in Schendel, administrator, against the same defendant, infra, page 460. He was the brakeman who set the brakes on the interstate cars, in the sidetrack at Pershing. That was the last work done on the cars brought from the mine on the day of the accident. The facts relative to the day's work are sufficiently stated in the Schendel case. The facts characterizing the intestate there, and the plaintiff here, as employed in interstate commerce are different; but here as there the question was at least for the jury.

2. The action was brought on October 30, 1923. On January 5, 1924, the defendant instituted proceedings under the compensation act of Iowa against the plaintiff to have determined his compensation. The plaintiff here, defendant in that proceeding, filed a plea in which he alleged the pendency of the action commenced in Minnesota and claimed a right under the Federal Employers Liability Act. On February 4, 1924, the plea was overruled. The deputy industrial commissioner on February 13, 1924, made an award to the plaintiff here of $15 per week during the period of total disability

which was left undetermined, and this award was pleaded as a bar by supplemental answer. The action came on for hearing on March 1, 1924, and the verdict was returned on March 3, 1924. If the conclusion reached in the Schendel case is correct the award is not a bar. The compensation proceeding went no farther than a finding by the deputy commissioner, which was the equivalent of a finding by the arbitration committee. In view of the Schendel case we engage in-no further discussion.

3. The defendant insists that the verdict, which was for $29,940, is excessive. Plaintiff was 38 years old. He earned from $240 to $250 per month. He was badly burned, some ribs were broken, he suffered a concussion of the brain, and was unconscious for a few days. There was an injury to the spinal cord. There is testimony that he will never be able to do manual work again—at least heavy work. He is deformed and still suffers.

The verdict is not excessive. Injuries are usually not quite alike nor are other elements entering into a proper award of damages, such as age, life expectancy, earning capacity, pain and suffering from the combination of which the award must be estimated in a sensible way, just the same. Damages awarded and sustained in other cases are of value for illustration, but usually not at all controlling. Whitehead v. Wisconsin Cent. Ry. Co. 103 Minn. 13, 114 N. W. 254, 467; Clay v. C. M. & St. P. Ry. Co. 104 Minn. 1, 115 N. W. 949; Sprague v. Wisconsin Cent. Ry. Co. 104 Minn. 58, 116 N. W. 104; McMahon v. Illinois Cent. R. Co. 127 Minn. 1, 144 N. W. 446.

Judgment affirmed.

Mr. Justice Stone took no part.