## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* SCHENDEL, ADMINISTRATOR.

### THE SAME *v.* ELDER.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF
MINNESOTA.

Nos. 683, 684.   Argued March 17, 18, 1926.—Decided April 12, 1926.

1. The effect of a judgment as *res judicata* between adverse parties
   is not dependent on the arrangement of the parties in the record
   or on which of them was the *actor*.   P. 615.
2. A judgment on the same cause of action may be availed of as a
   bar in an action pending in another jurisdiction which began before
   the one in which the judgment was recovered.   *Id.*
3. A judgment fixing the compensation recoverable on account of the
   death of a railroad employee, due to an accident in Iowa, was
   rendered by an Iowa court in proceedings under the Iowa compen-
   sation act brought by the railroad, and was pleaded by the railroad
   in an action brought against it for the same cause in Minnesota
   under the Federal Employers' Liability Act.   *Held* that both courts
   had jurisdiction to decide whether the deceased was engaged in
   intrastate or interstate commerce, and that the Iowa judgment,
   being the earlier one rendered, was *res judicata* in the other action,
   although the other was brought first.   P. 616.

4. Whenever an action may be properly maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is bound by the judgment. P. 620.

5. The question of identity of parties in two actions is of substance; parties nominally the same may be in legal effect different, and parties nominally different may be in legal effect the same. *Id.*

6. Identity of parties exists between two proceedings to fix compensation or damages against a railroad for the accidental death of an employee, in one of which the state compensation law was invoked against the widow upon the ground that the deceased's employment was intrastate, while in the other the administrator sued under the Federal Employers' Liability Act upon the ground that it was interstate, the widow being the sole beneficiary in both cases. *Troxell* v. *Delaware, etc. R. R.,* 227 U. S. 434, distinguished. P. 617.

7. A decision fixing compensation, under the Iowa statute, made by the Deputy Industrial Commissioner, acting by stipulation in lieu of a board of arbitration, but pending on appeal to the Commissioner, is not final, and could not be invoked as an estoppel in another action. P. 623.

163 Minn. 460, reversed. *Ibid.* 457, affirmed.

CERTIORARI to judgments of the Supreme Court of Minnesota affirming judgments for damages in actions brought under the Federal Employers' Liability Act.

*Mr. Edward S. Stringer,* with whom *Messrs. M. L. Bell, W. F. Dickinson, Daniel Taylor, Thomas D. O'Brien,* and *Alexander E. Horn* were on the briefs, for petitioner.

*Mr. Ernest A. Michel,* with whom *Mr. Tom Davis* was on the briefs, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

These cases grow out of an accident on the line of the railway company in Iowa, in which Hope was killed and Elder was injured under circumstances establishing the negligence of the railway company and its consequent liability for damages. The defense in each case was that the controlling issue had become *res judicata.* In the *Hope* case, petitioner pleaded a final judgment, entered,

under the Iowa Workmen's Compensation Law, by an Iowa state court of record possessing general jurisdiction, and, in the *Elder* case, a decision made by a deputy industrial commissioner appointed under the same law. In both cases, the full faith and credit clause of the federal Constitution was invoked. At the trials in the Minnesota district court, the judgment in the one case and the decision in the other, together with a copy of the Iowa Workmen's Compensation Law, all properly authenticated, were offered in evidence in support of the plea, but, upon objection, excluded. Verdicts against the railway company were rendered and judgments entered accordingly. Appeals to the state supreme court followed. The action of the Minnesota district court in refusing to give effect to the Iowa judgment and decision was assigned as error and duly challenged as denying them the full faith and credit enjoined by the federal Constitution; but the Minnesota supreme court, upon full consideration, sustained the trial court in that respect and affirmed both judgments. 163 Minn. 457, 460.

The Iowa Workmen's Compensation Law is elective in form. Hope and Elder were residents of Iowa and employees of the railway company, and it is not in dispute that they and the company had elected to be bound by its provisions. The statute will be found in the Code of Iowa, 1924, § 1361, *et seq.* It adopts a schedule of compensation; creates the office of industrial commissioner, and authorizes him to appoint a deputy, make rules and regulations not inconsistent with the act, summon witnesses, administer oaths, etc.; and contains other provisions, not necessary to be stated, for its administration and enforcement. If the parties fail to reach an agreement in regard to the compensation, the commissioner, at the request of either party, is directed to form a committee of arbitration to consist of three persons, one of whom shall be the commissioner, the others to be named

by the parties, respectively. The arbitrators are directed to hear the case and decide the matter. Their decision, together with a statement of the evidence, findings of fact, rulings of law and other pertinent matters, must then be filed with the commissioner. At the end of five days after such filing, unless a review is sought in the meantime, the decision becomes enforceable. Upon the application of any party in interest, the commissioner may review the decision; and, if any party be aggrieved by reason of his order or decree thereon, such party may appeal to the state district court having jurisdiction, in the manner and upon the grounds set forth in the act. The judgment of that court is given the same effect as though rendered in a suit duly heard and determined therein; and an appeal from it lies to the supreme court of the state.

## No. 683.

In the *Hope* case, the action was brought in the Minnesota district court on February 21, 1923, under the Federal Employers' Liability Law for the sole benefit of the surviving widow. Thereafter, on March 2, 1923, the railway company instituted a proceeding before the Iowa Industrial Commissioner under the Iowa Workmen's Compensation Act. To this proceeding the decedent's widow was made a party, as the sole beneficiary under the act. The railway company asked for an arbitration. The widow answered, asserting that the compensation act did not apply because the company and the deceased were both engaged in interstate commerce at the time of the accident. Arbitrators were appointed, though the widow did not join in their appointment. The arbitrators found that deceased was engaged in intrastate commerce and that the case was governed by the compensation act, and awarded compensation to the widow. Thereupon, the widow filed an application in review with the commissioner. That officer reviewed the facts, specifically found

that the deceased was engaged in intrastate commerce, and approved the award. The widow then appealed to the district court of Lucas County, Iowa, and that court, on June 2, 1923, specifically held that the deceased was engaged in intrastate commerce and entered final judgment affirming the award. Thereafter, on March 4, 1924, the present action was heard in the Minnesota district court and verdict and judgment rendered for respondent.

The Minnesota supreme court held that the plea of *res judicata* was bad for two reasons: (1) that "the substantive right given the employe or his representative by Congress under express constitutional grant, with the courts to which he may go for its enforcement pointed out to him, is a superior substantive right; and that when he or his representative has chosen the forum to which to submit his cause, he cannot, against his objection and upon the initiative of his employer, be required to submit it in a summary proceeding commenced later under a compensation act;" and (2) that there was a lack of identity of parties, since under the Iowa statute the right of recovery is in the beneficiary while under the federal act the right is in the personal representative.

1. It is evident from the opinion, that the court formulated the first reason with some hesitation. It is elementary, of course, that, in any judicial proceeding, the arrangement of the parties on the record, so long as they are adverse, or the fact that the party against whom the estoppel is pleaded was an objecting party, is of no consequence. A judgment is as binding upon an unwilling defendant as it is upon a willing plaintiff. Nor is it material that the action or proceeding, in which the judgment, set up as an estoppel, is rendered, was brought after the commencement of the action or proceeding in which it is pleaded. Where both are *in personam,* the second action or proceeding "does not tend to impair or defeat the jurisdiction of the court in which a prior action for

the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res judicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." *Kline* v. *Burke Constr. Co.,* 260 U. S. 226, 230.

It is urged in behalf of respondent, that the federal act is supreme and supersedes all state laws in respect of employers' liability in interstate commerce. That is quite true; but it does not advance the solution of the point in dispute, since it is equally true that, in respect of such liability arising in intrastate commerce, the state law is supreme. Judicial power to determine the question in a case brought under a state statute is in no way inferior or subordinate to the same power in a case brought under the federal act.

The Iowa proceeding was brought and determined upon the theory that Hope was engaged in intrastate commerce; the Minnesota action was brought and determined upon the opposite theory that he was engaged in interstate commerce. The point at issue was the same. That the Iowa court had jurisdiction to entertain the proceeding and decide the question under the state statute, cannot be doubted. Under the federal act, the Minnesota court had equal authority; but the Iowa judgment was first rendered. And, upon familiar principles, irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one

of the courts which becomes conclusive in the other as *res judicata. Boatmen's Bank* v. *Fritzlen,* 135 Fed. 650, 667; *Merritt* v. *American Steel-Barge Co.,* 79 Fed. 228, 234; *Williams* v. *Southern Pac. Co.,* 54 Cal. App. 571, 575. And see *Insurance Co.* v. *Harris,* 97 U. S. 331, 336, where the rule as stated was recognized.

.The Iowa court, under the compensation law, in the due exercise of its jurisdiction, having adjudicated the character of the commerce in which the deceased was engaged, that matter, whether rightly decided or not, must· be taken as conclusively established, so long as the judgment remains unmodified. *United States* v. *Moser,* 266 U. S. 236, 241, and cases cited. And, putting aside for the moment the question in respect of identity of parties, the judgment upon the point was none the less conclusive as *res judicata* because it was rendered under the state· compensation law, while the action in which it was pleaded arose under the federal liability law. *Dennison* v. *Payne,* 293 Fed. 333, 341–342; *Williams* v. *Southern Pac. Co., supra,* pp. 174–175.

2. In the Iowa proceeding, the widow of the deceased was a party in her own right and clearly was bound by the judgment. The action in Minnesota, however, was brought by the administrator, and the state supreme court, on the authority of *Dennison* v. *Payne, supra,* pp. 342–343, held that there was a want of identity of parties. The decision in the *Dennison* case rests entirely on *Troxell* v. *Del., Lack. & West. R. R.,* 227 U. S. 434. The effect of the last named case we pass for later consideration.

Hope's death as the result of the negligence of the railroad company gave rise to a single cause of action, to be enforced directly by the widow, under the state law, or in the name of the personal representative, for the sole benefit of the widow, under the federal law, depending upon the character of the commerce in which the deceased and the company were engaged at the time of the acci-

dent.   In either case, the controlling question is precisely the same, namely, Was the deceased engaged in intrastate or interstate commerce? and the right to be enforced is precisely the same, namely, the right of the widow, as sole beneficiary, to be compensated in damages for her loss.   The fact that the party impleaded, under the state law, was the widow, and, under the federal law, was the personal representative, does not settle the question of identity of parties.   That must be determined as a matter of substance and not of mere form.   The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts.   If a judgment in the Minnesota action in favor of the administrator had been first rendered, it does not admit of doubt that it would have been conclusive against the right of the widow to recover under the Iowa compensation law.   And it follows, as a necessary corollary, that the Iowa judgment, being first, is equally conclusive against the administrator in the Minnesota action; for, if, in legal contemplation, there is identity of parties in the one situation, there must be like identity in the other.

The first proposition finds support in *Heckman* v. *United States,* 224 U. S. 413, 445–446, where this court held that the United States had capacity to maintain a suit to set aside conveyances made by Indian allottees of allotted lands and that the allottees need not be joined.   The defendant in that case insisted that, unless the allottees who had executed the conveyances were brought in as parties, he was in danger of being subjected to a second suit by the allottees.   Answering that contention, this court said:

" But if the United States, representing the owners of restricted lands, is entitled to bring a suit of this character, it must follow that the decree will bind not only the United States, but the Indians whom it represents in the litigation.   This consequence is involved in the rep-

resentation. *Kerrison* v. *Stewart,* 93 U. S. 155, 160; *Shaw* v. *Railroad Co.,* 100 U. S. 605, 611; *Beals* v. *Ill. &c. R. R. Co.,* 133 U. S. 290, 295. And it could not, consistently with any principle, be tolerated that, after the United States on behalf of its wards had invoked the jurisdiction of its courts to cancel conveyances in violation of the restrictions prescribed by Congress, these wards should themselves be permitted to relitigate the question."

And, conversely, in *United States* v. *Des Moines Valley R. Co.,* 84 Fed. 40, where a suit in the name of the government was brought to enforce the right of a private party, it was held that a prior adverse adjudication by a state court in a suit against him personally, determining the same issues, was available as an estoppel against the government. The ground of the decision was thus stated (pp. 44–45):

"Inasmuch, then, as the government sues for the sole benefit of Fairchild, and for the professed purpose of reinvesting him with a title which he has lost, we are of opinion that, whether the present action be regarded as brought under the act of March 3, 1887 (24 Stat. 556, c. 376), or as brought in pursuance of its general right to sue, the government should be held estopped by the previous adjudications against the real party in interest in the state court. The subject-matter and the issue to be tried being the same in this proceeding as in the former actions, the losing party on the former trials ought not to be permitted to renew the controversy in the name of a merely nominal plaintiff, and thereby avoid the effect of the former adjudications. *Southern Minnesota Railway Extension Co.* v. *St. Paul & S. C. R. Co.,* 12 U. S. App. 320, 325, 5 C. C. A. 249, and 55 Fed. 690. This doctrine was applied by this court in the case of *Union Pac. Ry. Co.* v. *U. S.,* 32 U. S. App. 311, 319, 15 C. C. A. 123, and 67 Fed. 975, which was a suit brought by the United States under the act of March 3, 1887, wherein we

held that the United States was bound by an estoppel which might have been invoked against the real party in interest if the suit had been brought in his name, because it appeared that the United States had no substantial interest in the controversy, and was merely a nominal plaintiff."

Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that "whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment." 1 Freeman on Judgments, 5th ed., § 500. Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, Bigelow on Estoppel, 6th ed., 145; and parties nominally different may be, in legal effect, the same. *Calhoun's Lessee* v. *Dunning,* 4 Dall. 120, 121; *Follansbee* v. *Walker,* 74 Pa. St. 306, 309; *In re Estate of Parks,* 166 Iowa 403.

In the *Follansbee* case, a judgment against Joshua Follansbee alone was held available as an estoppel in another action brought by Walker & Follansbee for the use of Joshua. Justice Sharswood, speaking for the court, said:

"The parties in that suit and in the action tried below were substantially the same. In the former, Joshua Follansbee was the legal, in the latter, he is the equitable plaintiff. The subject-matter of the two suits appeared by the record to be identical. The presumption would be upon the issues, that the merits had been passed upon in the former proceeding. Such being the case, if no technical objection appeared to have been raised upon the record to the right of Joshua Follansbee to maintain the action as legal plaintiff, the judgment in that action would be a bar to a subsequent action by him as equitable plain-

tiff. If it appeared that only the equitable, not the legal right, was in Joshua Follansbee, it would be presumed that the defendant had waived that purely technical objection. It would be very unreasonable and contrary to the settled rules upon the subject, to permit the plaintiff having once been defeated on the merits, to try the same question over again in a different form."

In the *Parks* case, a judgment against the sole beneficiary of an estate in her individual capacity, was held conclusive in a subsequent action by the same plaintiff against the same defendant as administratrix, on the ground that, while theoretically the former suit was not against the same defendant as administratrix, nevertheless she was the sole beneficiary of the estate and represented only herself in each case.

In *Corcoran* v. *Chesapeake, etc. Canal Co.*, 94 U. S. 741, 745, this court, holding that a judgment against a trustee for bondholders was conclusive in a suit involving the same subject-matter, brought by him in his individual character, said: " It would be a new and very dangerous doctrine in the equity practice to hold that the *cestui que trust* is not bound by the decree against his trustee in the very matter of the trust for which he was appointed." See also, *Kerrison, Assignee,* v. *Stewart et al.*, 93 U. S. 155, 160; *Spokane Inland R. R.* v. *Whitley,* 237 U. S. 487, 496; *Estate of Bell,* 153 Cal. 331, 344; *Chandler* v. *Lumber Co.*, 131 Tenn. 47, 51.

Upon facts almost identical with those now under review, it was held in *Williams* v. *Southern Pac. Co.*, *supra,* pp. 571, 576, that there was a substantial identity of parties and that a judgment for the widow under the California compensation act was available as an estoppel in a prior action brought by her as administratrix under the federal act.

It remains only to consider the bearing of the *Troxell* case, *supra,* upon this point. Mrs. Troxell, the widow of

a deceased employee, sued the railroad company under a state statute, for the benefit of herself and minor children, to recover for the death of her husband resulting from a negligent failure to provide safe instrumentalities. There was a judgment against her. She then brought suit under the Federal Employers' Liability Act, as administratrix, averring the negligence of a fellow-servant, a ground of recovery which was not available to her in the action under the state statute. It was held, following the general rule, that, the cause of action in the two cases being different and the issue determined in the first not being involved in the second, there was no estoppel. This was decisive of the case, but the court proceeded to say that, furthermore, there was not an identity of parties in the two actions. Two former decisions of this court are cited,—*Brown* v. *Fletcher's Estate*, 210 U. S. 82; and *Ingersoll* v. *Coram*, 211 U. S. 335. Both cases, following the well-established rule, simply decide that there is no privity between administrators appointed in different states, since the authority of an executor or administrator appointed in one state does not extend to the property or administration in another state.

Whether, in the light of the foregoing views, we now should hold that where, as in the *Troxell* case, the rights of additional beneficiaries, not actual parties to the first judgment, are involved, the requirement of identity of parties is unsatisfied, is a question we do not feel called upon here to reexamine; since we are clear that such requirement is fully met in the situation now under consideration, where the sole beneficiary was an actual party to the proceeding under the state law, and present by her statutory representative in the action under the federal law, and no other rights were involved.

## No. 684.

In the *Elder* case, as in the case just considered, the railway company began a proceeding before the indus-

trial commissioner. Elder answered, averring that he was engaged in interstate commerce at the time of the injury. The parties stipulated that the commissioner or his deputy should take the place of the arbitration committee; and the deputy commissioner, pursuant to the stipulation, heard the matter and filed his decision. Thereupon, Elder applied for a review by the commissioner, under the statute, but no action had been taken upon that application by the commissioner at the time the judgment was rendered in the Minnesota court. Under the Iowa statute, therefore, the decision had not ripened into an enforceable award; and we are not called upon to determine what, in that event, would have been its effect as an estoppel. The proceeding being still *in fieri* when the Minnesota case was tried and determined, the doctrine of *res judicata* is not applicable. There must be a final judgment. Bigelow on Estoppel, 6th ed., p. 64; *Webb* v. *Buckelew et al.,* 82 N. Y. 555, 559–560.

It follows that the judgment in the *Hope* case must be reversed and that in the *Elder* case affirmed.

*No. 683. Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*

*No. 684. Judgment affirmed.*