### HIMMELEIN v
### UNITED GRAPE PRODUCTS, INC

Ohio Appeals, 6th Dist, Erie Co

No 395.   Decided Feb 20, 1933

Ray F. Spears, Sandusky, Murray & Murray, Sandusky, and Young & Young, Norwalk, for plaintiff in error.

King, Flynn & Froman, Sandusky, for defendant in error.

WILLIAMS, J.

Interesting discussions of the nature of actions in rem and those in personam, as bearing upon the question of res adjudicata, may be found in the following cases:

Kline v Burke Construction Co., 260 U. S., 326;

Railway, Co. v Schendel, 270 U. S., 611, 615, 616;

Grubb v Public Utilities Commission, 281 U. S., 470, 476.

The precise question involved in this case is not, however, covered, nor have we been able to find any authority that is absolutely decisive of the instant case, even after looking up the citations in the briefs and carrying on an independent investigation. Constructive thinking is not wholly common in judicial opinions for the reason that index learning has brought into convenient use thousands of precedents and the first impulse in legal investigation is "to find a case"; and where there is a precedent, courts are only too prone to follow it, though the road traveled may not be the best way. Cowper put the thought in cold type:

"To follow foolish precedents, and wink with both our eyes, is easier than to think."

Though a case or two may be found pointing in a direction other than that taken, we are constrained to decide this case purely upon principle. No doubt this course will be refreshing to the many members of the profession who believe the courts are too often slaves to precedent. What is said in this connection should not be construed as implying that due respect should

not be given to binding precedent. In Ohio certainly the question. is an open one and we, shall follow the dictates of good judgment and common sense in an endeavor to reach a logical conclusion.

The proceeding in the federal court in New York was an action in rem so far as the right of general creditors to share in the fund in the hands of the receivers was concerned, and creditors were notified to file proof of their claims or be barred from sharing in the fund or res. The action in the court below was originally a proceeding in rem, so far as the attachment was involved, but the attachment was discharged before the report of the referee and the confirmation of it by the federal court. After the discharge of the attachment the case proceeded as one in personam. It should be borne in mind that the federal court could not render a personal judgment as between one who merely had a claim and the receivers, but could only determine the right of the creditor to share in the res. It must be borne in mind, too, that while the plaintiff Himmelein filed in the federal court what he called a proof of claim, it was in fact merely a statement that he was a creditor of the United Grape Products, Inc., and that he had begun the action in the court below, with some particulars as to the nature of the action, and asserted that he received the right to continue the litigation in the Court of Common Pleas. No request was made that the claim be allowed in the federal court as a claim, nor was there a request that there should be any sharing by the plaintiff Himmelein in the res until a judgment was obtained. The referee, however, proceeded to treat it as an ordinary proof of claim and disallow it. In doing so, the referee passed upon a matter not presented by the filing of the claim. The so-called proof of claim amounted only to notice of the pendency of the action in the Court of Common Pleas and a reservation to continue the litigation involved therein, and the federal court could not, by assuming it to be a regular proof of claim by which the creditor sought to share in the res, deprive the plaintiff of his right to pursue his remedy in the court below.

Whether a judgment obtained by the plaintiff in the court below, if that eventuality should come to pass, could properly be presented to the federal court in New York, and whether the judgment should then be allowed to share in the fund in the hands of the receivers would be a question for the determination of that court.

On the other hand, even though the so-called proof of claim was such that the federal court had jurisdiction to determine the validity of the claim, the order of the court refusing to allow it would only be res adjudicata upon the right to' share in the fund in the hands of the receivers, for so far as Himmelein was concerned that proceeding was in rem only and involved no more than participation in and distribution of the res. One should be mindful that the receivership may be lifted and the United Grape Products, Inc., resume business. If the action below can not be carried on to a conclusion, plaintiff, Himmelein, would be deprived of his right to a personal judgment, if entitled to prevail, and that personal judgment would be one which he might be able to collect out of property other than the res which the federal court has drawn to it in the receivership case. The question of the right to share in the res in that court is one question; the right to a personal judgment in the court below, another. Such an order of disallowance could not in any event be properly pleaded as a bar to the action in personam in the court below.

The defendant claims, however, that the judgment below was in accordance with law for the reason that counsel for plaintiff in his opening statement did not set forth facts which would entitle the plaintiff to recover. The statement is complete and very lengthy and this court is not prepared to say that, assuming the statements of counsel to be true, plaintiff was not entitled to recover.

For error of the court below in holding that the evidence was sufficient to make out the defense of res adjudicata and dismissing plaintiff's petition, the judgment will be reversed and the cause remanded for a new trial.

RICHARDS and LLOYD, JJ, concur.