CHAPMAN v. LOUISVILLE & N. R. CO.

No. 470.

District Court, E. D. Kentucky.

July 8, 1946.

J. Mott McDaniel, of Frankfort, Ky., Northcutt & Northcutt, of Covington, Ky., and Tilford & Wetherby, of Louisville, Ky., for plaintiff.

C. S. Landrum and C. E. Rice, Jr., both of Lexington, Ky., for defendant.

FORD, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., by the personal representative of Thomas L. Chapman, deceased, for the benefit of his surviving widow and children, for damages on account of his death alleged to have resulted from the negligence of the defendant while Chapman was an employee of the defendant engaged in interstate commerce.

Prior to the filing of this action, the plaintiff filed suit under the Employers' Liability Act of Kentucky (Ky.Rev.Stat. §§ 277.310, 277.320) against the defendant in the Circuit Court of Lee County, Kentucky, for damages on account of alleged negligence resulting in the death of the same person. A trial of the suit in the State Court resulted in a judgment for the plaintiff which was reversed by the Kentucky Court of Appeals. 300 Ky. 835, 190 S.W.2d 542. The case was remanded to the Lee Circuit Court where it is now pending.

At about the time this action was filed in this Court, an attorney for the plaintiff left with the Clerk of the State Court a paper which appears upon its face to be a proposed order dismissing the case in the State Court, without prejudice, but the paper is unsigned and, so far as this record shows, no order to that effect has been entered.

The case is submitted upon the defendant's motion to dismiss this action on the ground that "there is now pending in the Lee Circuit Court in Lee County, Kentucky, an action to recover for the same tort complained of in this action, which action in the Lee Circuit Court was commenced on December 28th, 1943, or, in the event that motion is overruled, to make an order requiring plaintiff to pay the costs in said action in the Lee Circuit Court", and also upon the plaintiff's motion to strike that portion of defendant's answer denominated "First Defense" wherein the defendant sets out in detail the facts relative to the institution of, proceedings in and present status of the action pending in the State Court.

Where no conflict arises over the custody or dominion of specific property, the pendency of a prior action for only a personal judgment in a State Court is neither a valid defense to nor ground for abatement of a subsequent suit in a Federal Court of concurrent jurisdiction although both suits are between the same parties and for the same cause. Each Court is free to proceed without reference to proceedings in the other and whenever a judgment is rendered in one of the courts it may be pleaded in the other and its effect determined under the principles of res adjudicata. Chicago, R. I. & P. R. v. Schendel, 270 U.S. 611, 615, 616, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762; Southern Pac. Co. v. Klinge, 10 Cir., 65 F.2d 85.

The defendant's alternative motion for an order requiring the plaintiff to pay the costs in the State action is obviously designed to invoke the discretion of the Court under Rule 41(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs or the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

In 3 Moore's Federal Practice, § 41.05, pp. 3046, 3047, it is said: "It has long been the rule in many courts that an action based on or including a claim made in an action which the plaintiff had previously dismissed may be stayed or abated until the plaintiff has paid the costs assessed against him in the prior action. Rule 41(d) adopts that principle for the federal courts in broad

discretionary language. The object of the rule, aside from securing the payment of costs, is obviously to prevent vexatious suits made possible by the ease with which a plaintiff may dismiss under some practices. The court will probably be reluctant to stay an action which has been brought in good faith, particularly if the plaintiff is as yet financially unable to pay the former costs."

Since it appears, however, that the prior action instituted in the State Court has not been dismissed and no judgment for costs has been rendered against the plaintiff, obviously the conditions prerequisite to the exercise of the discretion conferred by Rule 41(d) do not exist.

For the reasons indicated, the defendant's motion must be denied and the plaintiff's motion to strike sustained. An order will be entered accordingly.