Alex YOUNG, Plaintiff,

v.

Russell S. McDANIEL, et al., Defendants.

Civ. A. No. 86–0603–L(J).

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 26, 1986.

William R. Radigan, Walker, Radigan & Zeller, Mark L. Miller, Owens, Miller & Meade, Louisville, Ky., for plaintiff.

N. Scott Lilly, First Asst. Co. Atty., Michael Allen, Asst. Co. Atty., Louisville, Ky., Larry Ethridge, Nold, Miller, Mosely, Clare, Hubbard and Townes, Louisville, Ky., for defendants.

Eleanor Garber, Louisville, Ky., for Anne Braden and Mattie Jones.

James Crumlin, Kathleen Guinane, Louisville, Ky., for Amici Curiae.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on defendants' motion to dismiss. Jurisdiction is claimed under 28 U.S.C. § 1331.

Plaintiff Young filed this case on July 21, 1986, alleging that defendants violated his First and Fourteenth Amendment rights by terminating him from the Jefferson County Police Department for activities connected with his association with the Ku Klux Klan (KKK). Young seeks monetary relief and reinstatement, plus back pay, for redress of these alleged injuries.

Young was terminated as a police officer on November 21, 1985 for violating several sections of the Jefferson County Police Department's Standard Operating Procedures. The acts upon which these violations were based included Young's distribution of "hate" literature aimed at black and Jewish persons, his untruthful statements to a commanding officer concerning his involvement with the KKK, and the solicitation and/or sale of tickets on behalf of the Confederate Officers Patriot Squad without permission and the subsequent deposit of those receipts in an account under his sole control.

Young appealed his termination, citing that the action "was an unconstitutional abridgment of [his] constitutional rights guaranteed by the First Amendment of the United States and Kentucky Constitutions of freedom of speech, expression and association." Young was provided a due process hearing before the Merit Board, pursuant to KY.REV.STAT. 78.455(1), after which the Merit Board affirmed his termination.

Young then appealed the Merit Board's decision to the Jefferson Circuit Court, naming as defendants the Jefferson County Police Merit Board and Russell McDaniel, then chief of the department, and again alleging a violation of his First Amendment right to free speech, expression and association. On July 21, 1986, that action was voluntarily dismissed, with prejudice, and without objections. Young also filed this suit on July 21, 1986, adding as defendants Bremer Ehrler, former Jefferson County Judge Executive, the Jefferson County Fiscal Court, and unknown defendants.

In support of their motion to dismiss, defendants claim that this action is precluded by 28 U.S.C. § 1738 (the Full Faith and Credit clause), or by principles of res judicata or collateral estoppel. This court agrees with defendants that this action should be dismissed, for the following reasons.

According to 28 U.S.C. § 1738,

... records and judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken....

The United States Supreme Court has held that "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980), *reaffirmed in Migra v. Warren*

*County School District,* 465 U.S. 75, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984). Therefore, since Kentucky law provides that principles of res judicata and collateral estoppel operate to preclude the relitigation of issues actually litigated in a previous action, *Newman v. Newman,* 451 S.W.2d 417 (Ky.1970), 28 U.S.C. § 1738 should operate here to preclude the relitigation of issues actually litigated in Young's state court action.

Young claims this law is inapplicable to this case, since at the time this case was filed (9 a.m., July 21), there did not yet exist a prior judgment (entered at 11 a.m., July 21). In addition, Young argues that res judicata principles are inapplicable here since additional defendants are involved in this federal action, and since the same relief sought in this case was not sought in the state action.

■ First, the fact that this suit was filed three hours prior to the voluntary dismissal, or final judgment of the circuit court, does not affect the application of the doctrine of res judicata or 28 U.S.C. § 1738. In *Flood v. Besser Co.,* 324 F.2d 590, 592 (3d Cir.1963), the court held that a federal judgment rendered after a second federal action was filed with respect to the same cause of action precluded litigation of the second federal action. *See also Chicago, R.I. & P. Ry. Co. v. Schendel,* 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); RESTATEMENT 2D, JUDGMENTS § 13 (1982), (stating that "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action ... regardless of which action was first brought.") Thus, the fact that this action was filed prior to the entrance of judgment in the state court action does not affect its preclusion upon this action.

■ Second, 28 U.S.C. § 1738 applies, regardless of whether the same parties are before this court. This was clarified in *Collard v. Incorporated Village of Flower Hill,* 604 F.Supp. 1318, 1322 (E.D.N.Y. 1984), where the court referred to the United States Supreme Court's decision in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), that identical parties in both suits are not necessary for the application of collateral estoppel.

■ Finally, Young claims that since he only sought injunctive relief in the state court action, he should not be precluded from pursuing this action in which he seeks both monetary and injunctive relief. However, the relief sought does not seem to affect the application of 28 U.S.C. § 1738. That section deals with the litigation of the same claims or issues, and the fact that different remedies are sought does not affect the preclusion doctrine.

■ Therefore, this court finds that the same claims or issues raised in this action were raised and litigated in the state court action, both before the Merit Board and the Jefferson Circuit Court. The fact that plaintiff moved to voluntarily dismiss the circuit court action does not affect its finality in the eyes of this court, since the dismissal was rendered with prejudice and therefore is considered a final judgment within the Kentucky rules. *See* KENTUCKY PRACTICE, RULES OF CIVIL PROCEDURE, RULE 41.01 (1984). This court finds that 28 U.S.C. § 1738 operates to preclude relitigation of those constitutional issues in this court, under the guise of 42 U.S.C. § 1983.

An appropriate order shall accompany this memorandum opinion.