**ELSEN et, Plaintiffs-Appellees, v. HUGHES et, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7103.   Decided June 20, 1949.

Hoover, Beall, Whitman & Eichel, Cincinnati, for plaintiff-appellees.

Vest & Vest, Walton, Ky., Barnhorn & Barnhorn, Cincinnati, for appellants.

## OPINION

By THE COURT:

This is an appeal on law from a judgment quieting the plaintiffs' title to certain real estate and removing the cloud thereon, resulting from the assertion of title thereto by defendants.

The judgment is affirmed for the following reasons:

(1) The plaintiffs and their predecessors in title have been in open uninterrupted possession of this real estate under color and claim of absolute title in fee simple for more than forty years and, as a result, whatever title the defendants might otherwise have had is barred by the statute of limitations.

(2) It is conceded that Hester P. Waterhouse was the owner of the title to this real estate at the time of her death. The plaintiffs assert title by mesne conveyances from one of her daughters. After the death of Mary P. Waterhouse, a paper writing purporting to be her last will was admitted to probate. Thereafter, an action was duly filed to contest the paper writing as her will, and, in due course in that proceeding a judgment was entered declaring the paper writing not to be her last will. In this paper writing, Hester P. Waterhouse purported to give to each of her three daughters a one-eighth share of her estate, but placed such shares in the hands of a trustee to pay the net income to the daughters during the life of the respective husband of each daughter, and should any daughter survive her husband, her one-eighth should be her absolute property. If any daughter should not survive her husband and leave no issue, the daughter was given power to dispose by will of one-eighth part and the other seven parts should go to her surviving brothers and sisters and their issue per stirpes. The appellants are grandchildren of Hester P. Waterhouse, and if the said paper writing is, as to them, her last will, then such will would have conferred title upon the named trustee in trust for the daughters during the lives of their respective husbands, and then in trust for these appellants during their minority, and until they reached twenty-one years of age.

The defendants herein were not named as defendants in the action to contest the will. At that time they were under twenty-one years of age. The trustee named in the paper writing qualified as trustee of two shares and the court appointed a trustee of the other shares and both trustees were parties to the will contest.

The contention of the appellants is that the failure to join them as defendants in the will contest renders the

judgment setting aside the will null and void and that by reason thereof, they now take under said probated will, notwithstanding the judgment declaring it not to be the last will.

The contention of the appellees is that the trustees, who were parties to the will contest, were the owners of the legal title of the shares of which the daughters were the immediate beneficiaries, and the appellants the remote and contingent beneficiaries, and that said trustee was the only necessary party to represent said interest in the will contest, and that it was not necessary to join the beneficiaries, immediate or remote, of such trust.

It is expressly provided by §11244 GC, that a trustee of an express trust may bring an action without joining with him the person for whose benefit it is prosecuted. We find no statutory provision as to defending actions involving a trust estate, but it seems to us that the reason for the rule authorizing the trustee to prosecute an action applies with equal force to defending actions. And that seems to be the rule in the absence of any statute.

In 1 Perry on Trusts (7th Ed.) at 567 and 568, the author says:

"It is the duty of the trustee to defend and protect the title to the trust estate; and, as the legal title is in him, he alone can sue and be sued in a court of law; the cestui que trust, the absolute owner of the estate in equity, is regarded in law as a stranger. The rule is carried to the extent that the grantee of the trustee can alone maintain an action upon the legal title, although the conveyance to him was a breach of the trust. To protect himself, the trustee must defend the title if he is sued."

While it may be that the appellants might have been proper parties to the will contest, they were not necessary parties, and their absence did not prevent the court from entertaining the will contest. The judgment setting aside the will was within the jurisdiction of the court and cannot be collaterally attacked. It may be, also, that the trustee did not properly defend the action. The remedy of the cestui que trustants for any such dereliction would be against the trustee, and not by attacking the title of transferees, taking title in reliance upon the validity of the judgment.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.