## JONES v. SUPREME MUSIC CORP. et al.

United States District Court
S. D. New York.

Nov. 8, 1951.

Chester T. Krouse, New York City, for plaintiff.

Gilbert & Gilbert, New York City, Francis Gilbert, Godfrey Cohen, and Theodore R. Jackson, all of New York City, of counsel, for defendants Supreme Music Corp., Decca Records, Inc., Capital Records, Inc., Columbia Records, Inc., Radio Corp. of America, and Bruno New York, Inc.

CONGER, District Judge.

Action for musical copyright infringement. Plaintiff, Mrs. Selina Jones, contends that the song "Near You", written by Francis Craig infringed upon her song "Just An Old Fashioned Mother and Dad."

The defendant, Supreme Music Corporation, is the publisher of "Near You" and the other defendants manufactured and sold recordings of "Near You."

Victor Recording Laboratories, Inc., one of the named defendants, was not served with process and is not now a party to this controversy. The music of "Near You" was written by Craig and the lyrics by Kermit Goell. Neither is named here as a defendant.

The claim of infringement has to do only with the chorus of each song. The lyrics are not involved nor any other part of the music of the songs.

Plaintiff claims she wrote her song in 1934, and that a manuscript copy was filed by her with the Copyright Office on June 30, 1934. Subsequently, and some time in 1936 she contends that she submitted a revised copy to Metropolitan Music Co. of Los Angeles, California, and made arrangements to have this concern publish her song for a fee. This was done and the song was published and put out to the public bearing the following notice of copyright: "Copyright 1936 by Metropolitan Music Co., 919 West 7th St., Los Angeles, Calif."

1500 regular copies and 500 artists' copies were printed. Plaintiff mailed some of the professional copies to musicians and some band leaders. There is no contention on plaintiff's part that she ever mailed a copy to Craig. Of the regular copies none was ever sold. She distributed them herself on the West Coast.

Craig claims to have written this music of his song in 1941, and the lyrics were written later. Recordings of "Near You" were first made in 1947.

Plaintiff's charge against Craig is that he deliberately copied her song; that it was a deliberate copying; that not only the similarities in the two songs prove this, but even the differences do; that Craig, being a skilled musician, could and did copy her song, making changes here and there by changing notes which indicated a studied effort to disguise the plagiarism. In other words, we do not find charged here the subconscious copying found in the Dardanella case, Fred Fisher, Inc., v. Dillingham, D.C., 298 F. 145.

 This type of plagiarism is extremely difficult to prove. Circumstantial evidence is generally employed. It is usually evidence of access from which the trier of the facts may reasonably infer copying. Of course, if there are no similarities no amount of evidence of access will suffice to prove copying. If there is evidence of access and similarities exist then the trier of the fact must determine whether the similarities are sufficient to prove copying. If evidence of access is absent the similarities must be so striking as to preclude the possibility that the writers of two songs arrived at the same result. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

On this issue of access and copying the plaintiff has the burden of proof.

The first inquiry must be, Did plaintiff prove either by direct or circumstantial evidence access on the part of Craig to her song?

The evidence of access is not too convincing nor persuasive.

Craig testified that he never knew nor heard of plaintiff, nor any one connected with her or her song. The evidence is not strong enough for me to arrive at a conclusion that Craig must have heard plaintiff's song at some time when it was being rendered.

Mrs. Jones' song was not a popular success. It was only sung in a very limited area and for a rather short period of time. None of the sheet music was ever sold. No records of the song were ever made. Practically the only public performances of it were given during 1937 and 1938 at a seaside resort in California. It was sung once in the Douglas Aircraft Works in California, limited to the employees in that company. Plaintiff's song was sung over the radio several times but they were performances that originated on the Pacific coast. From the testimony it appeared doubtful that these performances were heard in the East.

Plaintiff's evidence is not strong enough to convince me that Craig ever heard plaintiff's song before he wrote his.

Plaintiff attempted to bring home to Craig the knowledge of her song by the testimony of one Burdge who was manager of Metropolitan Music Co. in 1936 and Editor of the Music Magazine Revue of 1938. Burdge testified that he had a list of 75 to 80 bandmasters throughout the country and that it was his custom to send to the men on this list all new sheet music his concern was publishing, including copies of the "Revue." One of the copies of Revue contained the accordian solo of plaintiff's song. Burdge testified that Mr. Craig's name and address was on this list. Mr. Burdge was testifying to something that might have happened in 1936. He had no personal recollection of having mailed a copy of plaintiff's song nor of the magazine "Revue" to Craig, and he had no records. He testified only to the custom of his office. He had a secretary whose duty it was to mail out to those on this list the song sheets and the magazines.

Mr. Burdge did not know of his own knowledge that this secretary had mailed to Craig a copy of plaintiff's song, or the copy of Revue containing a copy of her song. At the most one could only gather from him that he believed she had because it was her routine duty to so do.

Mr. Craig denied that he ever knew of Burdge or of the Metropolitan Music Co. or that he ever received a copy of plaintiff's song or of the magazine "Revue."

■■ On the whole, plaintiff's evidence of access is very weak. In its most favorable light it indicates a possibility of access. While this does not meet the burden imposed on plaintiff to prove physical access to plaintiff's song, still it does not foreclose plaintiff.

We must now examine the two songs to see if the similarities are so striking that they spell access and also copying, or to put it in another way, Are the similarities so striking as to preclude the possibility that plaintiff and defendant arrived independently at the same result?

Judged by either standard I can only conclude that plaintiff has failed to make out a case.

Plaintiff contended at the trial and also contends in her brief that similarity is to be determined by the sound to the average ear, and not by a comparison of the notes in the respective compositions. As a matter of fact, the case was tried along both lines. The songs were played in Court both on the piano and by phonograph disks, and the songs were also analyzed bar by bar and comparisons made.

As the songs were played to me, while there seemed to be here and there similarities, as Deems Taylor (expert for defendant) testified, there seemed to be a sort of a family resemblance. To my untutored ear the similarity was not so great that I could say that one was a copy of the other or that one was stolen from the other.

The plaintiff herself analyzed the two songs. Her theory was that Craig's song was deliberately copied from hers, and she attempted to prove this by similarity in note and by dissimilarities. She claimed, as I gather it, that the dissimilarities were cleverly done by a skilled musician who arranged that part of his chorus that was not identical with plaintiff's song so that the notes would not coincide or be identical with plaintiff's, but would at the same time maintain the identity of theme or melody.

By and large I cannot agree with plaintiff.

There is a similarity in the first five bars of the two pieces. One notices this when the two choruses are played, particularly when only the melodic line is played. These same notes are repeated in bars 16, 17, 18, 19 and 20 of Craig's song. This is to be expected because Craig's song is of the ABAC pattern and a repeat is called for. These later bars, however, do not coincide with the corresponding bars in plaintiff's song, since plaintiff's song is of the ABCD pattern.

Plaintiff contends that of the first ten notes in the first five bars of plaintiff's song (bars A 1–2–3–4) eight notes are identical with eight in defendant's nine notes in the same phrase or the same five bars.

Literally this is not quite correct. In the pick up (A) of both songs the first note in

992

each is C. The second note in plaintiff's song is C-sharp. In Craig's it is B-natural. In the first bar the notes of each song are identical, except for note values. The notes are: Plaintiff—quarter notes D C & B; Craig—half note D quarter note C and quarter note B.

In the second bars there is no identity except in the first note. The notes are: Plaintiff—B-flat, A, C-sharp; Craig—B-flat.

This makes a progression of similar notes in each song D C B B-flat. In the third bar, there is not identity. The notes are: Plaintiff—A; Craig—G-sharp, A. In the fourth bar there is not identity. The notes are: Plaintiff—A carried over and C; Craig—A carried over A and G-sharp. There is identity in the first note of this bar. In these bars we actually find identical notes in sequence of four notes.

After the fourth bar the notes of each song are not correspondingly identical or similar.

 The similarity in the pick up (A) and the first four bars of each piece, to me, do not spell piracy or theft.

The words of the Circuit Court of this Circuit in Darrell v. Joe Morris Music Co., 113 F.2d 80, may very well be applied here: " * * * such simple trite themes as these are likely to recur spontaneously; * * * It must be remembered that, while there are an enormous number of possible permutations of the musical notes of the scale, only a few are pleasing; and much fewer still suit the infantile demands of the popular ear. Recurrence is not therefore an inevitable badge of plagiarism."

On this point, see also Arnstein v. Edward B. Marks Music Corporation, 2 Cir., 82 F.2d 275 at page 277.

In the remaining twenty-two bars of Craig's song, plaintiff claims there are identities and parallism which prove her contention.

In the interest of time and space I shall only refer to a few which are generally representative of all of them.

Plaintiff states that defendant's note C [whole note] in his twelfth bar matches plaintiff's [three quarter] note C in her seventh; that defendant's sixth and twenty-second bars are a G, whole note each, corresponding with the three-quarters G in plaintiff's fifteenth bar.

This contention has absolutely no weight as I see it. They are not corresponding notes—that is in corresponding measures. There are only so many notes. Each has to use them.

The use of one note in various parts of Craig's song proves nothing if the same note is found in various other parts of plaintiff's song.

Plaintiff also contended that a progression of notes in plaintiff's song was used in reverse by Craig and that this indicated copying.

In plaintiff's song the three notes in bar 13 and the first note in bar 14 are AGFE, while the notes in the ninth bar of Craig's song bar are EFGA. To me this proves nothing; certainly not deliberate copying.

Plaintiff also claimed that Craig in various places in his chorus used different notes from that found in plaintiff's song but that the tones are higher or lower. In other words, the claim is that Craig paralleled plaintiff's song in various and many places.

I have studied these parts of the music but I am not convinced that it means anything. Also I am convinced that in all the cases they are not examples of true parallels.

All of the evidence convinces me that I should find for the defendants.

There are many differences in the two songs. There is no similarity in the lyrics. The musical pattern of the two songs is rhythmically different. Plaintiff's song is in waltz time; Craig's song is written in fox-trot time. The chords or bass of the two songs is entirely different. The accompaniment in plaintiff's song is a very simple bass, while the bass in Craig's song is strong and unusual for music of this type. It really stands out and gives character to the song.

The melody is different except for the first four bars as I have heretofore pointed out. All in all, I cannot say that there is enough similarity between the two songs to justify a finding for plaintiff.

Defendants have raised the question that the copyright in plaintiff's song has been invalidated and that plaintiff has no standing to sue. This raises a very interesting question but in view of my decision I feel that it is unnecessary for me to discuss that issue. Neither do I think it necessary to discuss the issue of laches raised by the defendants.

Defendants are entitled to a judgment of no cause of action.

Complaint dismissed with costs.

Settle decree.