**WATERHOUSE v. HOOVER et al.**

**No. 11563.**

United States Court of Appeals
Sixth Circuit.

March 31, 1953.

Robert Adair Black and Robert N. Gorman, Cincinnati, Ohio, John L. Vest, Walton, Ky., Herbert Barnhorn, Reading, Ohio, on the brief, for appellant.

Robert L. Peters, Augustus Beall, Jr., and George E. Whitman, Cincinnati, Ohio, on the brief, for appellees.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This is the clearest kind of case for the application of the rule established by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The United States District Court for Southern Ohio, upon the direct authority of Elsen v. Hughes, 87 Ohio App. 413, 94 N.E.2d 567, a decision by the Court of Appeals of Ohio affirming a judgment of the Court of Common Pleas for Hamilton County, entered summary judgment for the defendants below from which the plaintiff has appealed to this court.

On labored reasoning, appellant seeks to differentiate the instant case from the aforementioned Ohio decision, in which the Supreme Court of Ohio denied a motion to certify and thereby made the judgment of the state court of appeals final. The effort to differentiate is in our judgment not well grounded.

The plaintiff in this federal court action averred that he is the owner of and entitled to immediate possession of an interest in certain parcels of land situated in Hamilton County, Ohio. He sought to nullify the effect of an adjudication fifty years ago by the Court of Common Pleas of Hamilton County, in a will contest, that a certain paper propounded as the last will and testament of his grandmother, Hester P. Waterhouse, was void and not her will. He avers that he was an infant at the time of such will contest and was not made a party defendant, although he had a contingent interest in the estate. He avers further that the adjudication was invalid for the reason that no summons was issued on the petition to contest the will.

He makes the additional contention that neither the same parties nor the same lands are involved in the instant controversy as were involved in the Ohio state court case. It should be pointed out, however, that the original complaint in the federal court action included the same lands covered by the action in the state court, certain of the lands having been excluded by a subsequent amendment of the complaint. Nevertheless, the complaint in the federal court,

as amended, related to the remainder of the same tract which was the subject matter of the state court action.

The record discloses that the origin of title to the property now involved and that involved in the state court case was the same, in that in both cases the title originated from the conveyance of the same tract of land by a single instrument and constitutes a single chain down to the time when various portions of the tract were conveyed to various parties.

The United States District Court found that, as a matter of fact, the issues in this case bearing on the validity of the provisions to contest the will of Hester P. Waterhouse were identical with the issues presented in Elsen v. Hughes, supra; and that the proceedings for the state court contest of that will had been found by the state court to be regular and valid, and in conformity with then existing law. The district court adopted the finding of the state court.

The district court found, moreover, that the issues in the present case in respect of the title and possession of the present holders of the real estate in question, based upon a sheriff's deed executed and delivered in pursuance of an order in a partition case in the Court of Common Pleas of Hamilton County, are identical with the same issues as were presented in Elsen v. Hughes, supra. The Ohio state courts having found such decision to be regular and valid and in conformity with then existing law, the United States Court adopted the finding.

The district court also found that the issues in the instant case as to the statute of limitations and adverse possession as a bar to the present action by the plaintiff are identical with those raised in Elsen v. Hughes, supra. The Ohio State Court having found that the plaintiff's claim was barred by the statute of limitations as to adverse possession, the United States District Court adopted the finding.

The conclusion of law was then announced that the United States District Court had no alternative other than to follow the judgment of the state court rendered in Elsen v. Hughes, supra, and accordingly adjudged that the defendants (now appellees), who had moved for summary judgment, were entitled to have their motion granted. Judgment was duly entered to such effect.

We think the district judge was plainly right in his decision. In Elsen v. Hughes, 87 Ohio App. 413, 415, 94 N.E.2d 567, 568, the Court of Appeals affirmed a judgment quieting the plaintiffs' title to the tract of real estate of which the land presently involved is a parcel and removed the cloud on such title from the claims of the defendants. It was pointed out that while the defendants, including the present appellant, being under twenty-one years of age, had not been made defendants in the action to contest the will of their grandmother, Mrs. Hester P. Waterhouse, trustees for them had been parties to the will contest.

The contentions of the contending parties were thus stated in the appellate court's opinion: the defendants insisted that the failure to join them as parties to the will contest rendered void the judgment setting aside the will, in consequence of which they were entitled to take under the probated will, notwithstanding the judgment declaring it not to be the last will of their grandmother; and the rejoinder contentions of the plaintiffs were that the trustees who were parties to the will contest were the owners of the legal title of the shares of which the daughters were immediate beneficiaries and the defendants remote and contingent beneficiaries; the trustee was the only necessary party to represent such contingent interest in the will contest; and it was not necessary to join either the immediate or the remote beneficiaries of such trust. The Ohio Court of Appeals then declared: "It is expressly provided by Section 11244, General Code, that a trustee of an express trust may bring an action without joining with him the person for whose benefit it is prosecuted. We find no statutory provision as to defending actions involving a trust estate, but it seems to us that the reason for the rule authorizing the trustee to prosecute an action applies with equal force to de-

fending actions. And that seems to be the rule in the absence of any statute. * * *

"Although it may be that the defendants might have been proper parties to the will contest, they were not necessary parties, and their absence did not prevent the court from entertaining the will contest. The judgment setting aside the will was within the jurisdiction of the court and cannot be collaterally attacked. It may be, also, that the trustee did not properly defend the action. The remedy of the cestuis que trustents for any such dereliction would be against the trustee, and not by attacking the title of transferees, taking title in reliance upon the validity of the judgment. Judgment affirmed."

It is obvious to us that the United States District Judge was correct in holding that the issues presented in the case at bar and those previously determined by the Court of Appeals of Ohio in Elsen v. Hughes, supra, are for all practical purposes identical, and that he properly performed his bounden duty under the mandate of Erie Railroad Co. v. Tompkins and the subsequently enacted statute, U.S.C., Title 28, section 1652, to follow and apply the decision of the Court of Appeals of Ohio to the facts of the instant case.

Accordingly, the judgment is affirmed.