**JONES v. CRAIG.**

No. 11948.

United States Court of Appeals
Sixth Circuit.

April 30, 1954.

James M. Swiggart, Nashville, Tenn., for appellant.

Ferriss C. Bailey, Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, MILLER, Circuit Judge, and FORD, District Judge.

PER CURIAM.

This appeal was heard upon the record, briefs and arguments of counsel for the respective parties;

And it appearing that in Jones v. Supreme Music Corporation, 101 F.Supp. 989, decided by the U. S. District Court for the Southern District of New York, the plaintiff Jones in that action, who is the same person as the plaintiff-appellant Jones in this action, asserted against the defendants therein the identical issue which is asserted by her against the defendant-appellee in this action, namely that the song "Near You" written by the appellee infringed her copyright of a musical composition entitled "Just an Old Fashioned Mother and Dad," and that said action was decided in favor of the defendants therein;

And, it further appearing that the defendant Supreme Music Corporation therein was the music publisher who, after acquiring on a royalty basis all the rights of the appellee in said musical composition by written contract of sale and assignment of June 27, 1947, in which the appellee warranted that the musical composition was his sole, exclusive and original work, published and offered the song for sale on July 25, 1947;

And although appellee was not a party to that action, nevertheless, in protection of his warranty, he assisted in the preparation of the defense and testified as a witness for the defendant, and also paid one-fourth of the expense of said litigation;

And the Court being of the opinion that the defendant in the prior litigation and the appellee in this litigation are in privity with each other within the scope

of the ruling in Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–403, 60 S.Ct. 907, 84 L.Ed. 1263, and are not joint tort-feasors within the scope of the ruling in Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009; relied upon by appellant, and that the judgment in the prior litigation is accordingly res judicata as to the appellee in this action; Compare: Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757; Waterhouse v. Hoover, 6 Cir., 203 F.2d 171.

It is ordered that the judgment of the District Court dismissing the action be affirmed.