**Orton Kinney SMITH, et al., Plaintiffs,**

v.

**Maynard NELSON, dba, Pacific Equities, et al., Defendants.**

**No. 4:00CV108.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 2, 2000.

Robert A. Lenga, Harrington, Hoppe & Mitchell, Youngstown, OH, for plaintiffs.

Thomas J. Wilson, Comstock, Springer & Wilson, Youngstown, OH, for Maynard Nelson, defendant.

Mark A. Beatrice, Manchester, Bennett, Powers & Ullman, Youngstown, OH, for Lori A. Pittman, David C. Mott, defendant.

### MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

On December 9, 1999, the Plaintiffs filed the above-captioned action in the Court of Common Pleas, Probate Division, Mahoning County seeking declaratory judgment and other legal and equitable relief.[1] Thereafter, Defendant Nelson, removed the action to this Court based upon diversity jurisdiction. 28 U.S.C. § 1332.

---

1. In Count One of the Plaintiffs' Complaint, they allege that Defendant Nelson "fraudulently persuaded" them to sign written agreements which authorized him to receive any unclaimed assets or monies due to the Plaintiffs or other beneficiaries of the Estate of Mabel B. Greene, the Living Trust of Mabel B. Greene, the Estate of Mildred M. Burman, and the Living Trust of Mildred M. Burman in exchange for forty percent of the unclaimed assets or monies.

In Count Two, the Plaintiffs claim that Defendant Nelson fraudulently misrepresented to them that the only means by which they could recover the unclaimed assets or monies from the above-referenced estates and trusts was to enter into an agreement with him authorizing him to pursue recovery on their behalf.

On February 10, 2000, the Plaintiffs filed a Motion to Remand to State Court (Dkt.# 9). Additionally, Defendant Bank One Trust Company ("Bank One") filed a Memorandum in Support of Motion to Remand (Dkt.# 12). Defendant Nelson has filed a Response (Dkt.# 14). For the following reasons, the Plaintiffs' motion is **GRANTED.**

## I. DIVERSITY OF CITIZENSHIP

Plaintiff argues that diversity jurisdiction does not exist in the instant case. In order for a case to be removed from state court to federal court, Defendant Nelson must demonstrate that the action involves an amount in controversy that exceeds $75,000 and is between:

(a)(1) **citizens of different states;**

(2) citizens of a State, and citizens and subjects of a foreign state;

(3) citizens of different States and in which foreign states or citizens of subjects thereof are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States....

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business ...

28 U.S.C. § 1332(a) (emphasis added).

The alleged amount in controversy in this case is approximately $7.1 million and well-exceeds the jurisdictional requirement.

The primary issue is whether complete diversity of citizenship exists among the parties to this action. The Plaintiffs are some of the heirs of Mabel B. Greene and Mildred M. Burman, and are also some of the beneficiaries of trusts established in their respective names. Sixteen of the Plaintiffs are residents of the State of

Ohio. The Defendants are Maynard Nelson, a resident of the State of Washington; Bank One, a resident of the State of Ohio; and Lori A. Pittman ("Ms.Pittman"), Trustee, a resident of the State of Ohio.[2] The residence of each of these Defendants is not in question.

Defendant Nelson has argued that he is the primary and sole Defendant before the Court and that Bank One and Ms. Pittman are not true party defendants. The Sixth Circuit in *Certain Interested Underwriters v. Layne,* 26 F.3d 39 (6th Cir.1994), held that

When the question is which of various parties before the court should be considered for determining whether there is complete diversity of citizenship, that question is generally answered by the "real party to the controversy" test. Diversity must be complete between all of the plaintiffs and all of the defendants. If, however, one of the "nondiverse" parties is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction.... If on the other hand, the nondiverse party is a real party in interest, it is immaterial that his joinder was motivated by a desire to defeat jurisdiction.

*Id.* at 42. (citations omitted). Furthermore, the court held that the substantive law underlying a claim determines whether a party is a real party in interest and that "the governing substantive law in diversity actions is state law." *Id.* at 43. (citations omitted). The Court, therefore, must determine whether Bank One and Trustee Pittman are real parties in interest in this case under Ohio law.

Under Ohio law, it is axiomatic that a trustee has a duty to defend the trust property. *See Schofield v. Cleveland Trust Co.,* 149 Ohio St. 133, 78 N.E.2d 167 (1948) (The real party in interest with the power to prosecute or defend an action to protect or preserve a trust res is the trustee of an express trust.); *Elsen v. Hughes,*

**2.** Four individually named Defendants are also residents of the State of Ohio.

87 Ohio App. 413, 94 N.E.2d 567 (1949) ("[T]rustee ... may alone defend an action involving trust estate...."); *Wolf v. Menager*, 14 Ohio Dec. 128, 1903 WL 728 (Ohio Com.Pl.1903) ("It is trustee's duty to defend the trust property...."); *see also* 91 O.Jur.3d Trusts § 433 ("A trustee who has accepted a trust is bound to defend the trust estate.") (citing cases). Bank One and Ms. Pittman, by virtue of their fiduciary duties to the respective trusts, may be required to defend the trust assets at issue in this action. For example, the Plaintiffs may move the Court to order Bank One and Ms. Pittman to pay beneficiaries using the assets of the respective trusts. Such payment may not be in the best interest of those trusts and Bank One and Ms. Pittman would be required to oppose the Plaintiffs' motion. As such, Bank One and Ms. Pittman are real parties in interest and have been properly named as defendants in this lawsuit.[3]

Because Bank One and Ms. Pittman are residents of the State of Ohio, their presence in this action destroys diversity of citizenship. Accordingly, this Court does not have subject matter jurisdiction and remand of this case to the Probate Division of the Court of Common Pleas for Mahoning County, Ohio is appropriate.

The Plaintiff's Motion to Remand (Dkt.# 9) is **GRANTED.**

## IT IS SO ORDERED.

---

**3.** The Court further finds that re-alignment of the parties in this case is not appropriate. Bank One and the trustees have been named as defendants and must, therefore, defend the trust assets as discussed above. Furthermore, Defendant Nelson has not shown that the interests of Defendants Bank One and Ms. Pittman are aligned with those of the Plaintiffs.