In re JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,
Alleged Debtor.

John Richards Homes Building
Company, L.L.C., Plaintiff,

v.

STN.com Garnishee Defendant.

John Richards Homes Building
Company, L.L.C., Plaintiff,

v.

Adell Broadcasting Corp., Garnishee
Defendant.

Bankruptcy No. 02–54689.
Civ. Nos. 03–40277, 03–40278.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 5, 2004.

Stuart A. Gold, Gold & Lange, Southfield, MI, for Plaintiff.

## ORDER DENYING MOTIONS TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

GADOLA, District Judge.

Pursuant to 28 U.S.C. § 157(a) and E.D. Mich. LR 83.50(a), bankruptcy cases are automatically referred from the district court to the bankruptcy court. Before this Court are two nearly-identical motions filed by the two above-referenced Garnishee Defendants. The motions seek to withdraw this referral, or reference, to the bankruptcy court, and, as a consequence, the motions request that this Court, instead of the bankruptcy court, adjudicate certain garnishment matters. These two motions were assigned to this Court because of a companion case before this Court involving the above-referenced Plaintiff (case number 03–40109, *Kevin Adell v. John Richards Homes Building Company, L.L.C.*).

Withdrawing the reference in this situation is permissive; that is, withdrawal is subject to this Court's discretion. *See* 28

U.S.C. § 157(d); *In re Kiefer*, 276 B.R. 196, 198 (E.D.Mich.2002) (Gadola, J.); *In re Elder–Beerman Stores Corp.*, Nos. C–3–96–378, C–3–97–299, 1997 WL 1774875, at *2 n. 4 (S.D.Ohio Aug.1, 1997); *In re Federated Dep't Stores, Inc.*, 189 B.R. 142, 143–44 (S.D.Ohio 1995).

In exercising this discretion, the Court will deny the motions to withdraw the reference because—as articulated on pages one to five of Plaintiff's memorandums in opposition to the respective motions—the matters that the two Garnishee Defendants seek to challenge in this Court are precluded from relitigation under the doctrine of collateral estoppel, and, as a result, the grounds for withdrawing the reference lack merit. *See* JRH's Memos. in Opp. 1–5; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069–70 (6th Cir.1995) (quoting *S.W. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir.1977)); *Jones v. Craig*, 212 F.2d 187, 187–88 (6th Cir.1954); 18A Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 4451 (2002). Therefore, these garnishment matters should continue to proceed before the bankruptcy court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, in case number 03–40277, the motion to withdraw the reference [docket entry 1] is **DENIED**.

**IT IS FURTHER ORDERED** that, in case number 03–40278, the motion to withdraw the reference [docket entry 1] is **DENIED**.

**SO ORDERED.**